UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> STEVE VAUGHT, President of Alpha Lending, LLC, d/b/a Marigold Credit, and Member-Manager of Alpha Holding Company, LLC, <br><br> Respondent, <br><br> S. CROW COLLATERAL CORPORATION and STANLEY D. CROW, <br><br> Intervenors. | Case No. 1:18-cv-00452-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is S. Crow Collateral Corporation ("SCCC") and Stanley D. Crow's (collectively "Intervenors") Second Motion to Amend Opposition to Petition to Enforce IRS Summonses and Motion to Quash. Dkt. 33. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Second Motion to Amend Opposition to Petition to Enforce IRS Summonses and Motion to Quash.

## II. BACKGROUND

The Court stated the factual background pertaining to this case in its prior order granting Intervenors' first motion to amend. Dkt. 32. Briefly, this lawsuit arises out of the IRS's investigation of SCCC and Crow. In the course of its investigation, the IRS issued a third-party summons to Steve Vaught as president of Alpha Lending, LLC on January 19, 2018, and to Vaught as member-manager of Alpha Holding Company, LLC, d/b/a Marigold Credit on January 24, 2018.[1] Both third-parties summonses directed Vaught to (1) appear before the IRS on March 13, 2018 and (2) give testimony and produce for examination records and documents of the companies on whose behalf he was appearing.

Vaught neither appeared before the IRS on March 13, 2018, nor produced any testimony or materials as directed by the summonses. The parties spoke with each other until August 2018, after which time communications ceased.

On October 17, 2018, the Government filed its petition to enforce the two summonses the IRS served on the Alpha Companies. Dkt. 1. On November 26, 2018, Intervenors filed their memorandum of law in opposition to petition to enforce IRS and in support of their motion to quash. Dkt. 7.

On February 26, 2019, the Ninth Circuit issued an opinion in an unrelated IRS third-party summons enforcement case. Based on the Ninth Circuit's holding in that case, Intervenors filed the pending motion on April 12, 2019, for leave to amend and supplement

---

[1] Collectively, Alpha Lending, LLC and Alpha Holding Company, LLC will be referred to as the "Alpha Companies."

their opposition to the petition and motion to quash. Dkt. 26. On September 30, 2019, the Court granted Intervenors' first motion to amend in light of the Ninth Circuit's clarification of how to interpret 26 U.S.C. § 7602(c)(1).[2] Dkt. 32.

On October 14, 2019, Intervenors filed the pending second motion to amend their opposition based on information the IRS had produced to them in September 2019. Dkt. 33.

### III. LEGAL STANDARD

Rules 15(a) and (d) of the Federal Rules of Civil Procedure provide that a party may amend a "pleading." Fed. R. Civ. P. 15. That term must be interpreted in conjunction with Rule 7(a), which enumerates the pleadings permitted in federal practice as follows: a complaint, an answer to the complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, pursuant to court order, a reply to an answer. Fed. R. Civ. P. 7. Under a literal application of Rule 15, motions and petitions are not "pleadings." Local Rule 15.1 addresses the form of a motion to amend a pleading and its supporting documentation; it does not address when a party may amend a pleading. Dist. Idaho Loc. Civ. R. 15.1.

Although Interveners have no right to amend under the cited rules of civil procedure, judicial decisions should be decided on the merits. Accordingly, the Court will permit Intervenors to amend their opposition if it finds such amendment would not be futile.

---

[2] 26 U.S.C. § 7602(c) is also referred to in the Ninth Circuit's opinion as I.R.C. § 7602(c).

## IV. DISCUSSION

When an IRS summons is challenged in district court, it is the Government's burden to make a prima facie showing of four elements: (1) the investigation has a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already possess the requested information; and (4) the proper administrative steps have been followed. *U.S. v. Powell*, 379 U.S. 48, 57–58 (1964). Yet "[t]he burden imposed by *Powell* 'is a slight one, and may be satisfied by a declaration from the investigating agent' addressing each element." *Action Recycling Inc. v. United States*, 721 F.3d 1142, 1145 (9th Cir. 2013) (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *see also U.S. v. Clarke*, 573 U.S. 248, 251 (2014) (holding the Government "need only demonstrate good faith in issuing the Case summons," which is typically established by filing an affidavit from the investigating agent) (internal quotations omitted).

Once the IRS has made this showing, the burden shifts to the taxpayer to either disprove at least one of the *Powell* requirements or show that enforcement would be "an abuse of process, *e.g.*, that the summons was issued in bad faith for an improper purpose." *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985); *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997). The taxpayer's burden is heavy, and he "must allege specific facts and evidence to support his allegations." *Liberty Financial Services*, 778 F.2d at 1392.

Intervenors previously had challenged the summonses on the ground that the IRS had issued them for an "illegitimate or improper purpose[.]" Dkt. 7, at 4. However, Intervenors now concede that the investigation has at least one legitimate purpose. *See* Dkt.

33, at 3. ("Intervenors' review of the FOIA response reveals that, if Intervenors' request for an evidentiary hearing were granted, the IRS would be able to demonstrate that it has been examining whether Mr. Crow might be liable pursuant to 26 U.S.C. § 6700."). The Ninth Circuit has stated that "[e]ven the co-existence of an improper purpose would not prevent enforcement of the summons if the existence of a legitimate purpose was not rebutted by the taxpayer." *United States v. Stuckey*, 646 F.2d 1369, 1375 (9th Cir. 1981). Thus, the first *Powell* requirement is met.

Now Intervenors challenge the summonses issued to the Alpha Companies on the ground that the IRS failed to follow the proper administrative steps when issuing the summonses. The Court considers whether it would be futile to allow the Intervenors to amend their opposition to the petition to enforce the IRS summons and motion to quash. If it is possible that the Intervenors could provide specific facts and evidence to support their allegations that the final *Powell* requirement is not met, the Court will allow them to amend their pleading.

28 U.S.C. § 7602(c)(1) proscribes what administrative steps the IRS is required take when seeking judicial enforcement of a third-party summons. At the time the IRS contacted the Intervenors, the IRS was statutorily required to provide the taxpayer with "reasonable notice in advance" of summoning a taxpayer's financial records from employers, financial institutions, or other third-parties. 26 U.S.C. § 7602(c)(1), *amended by* Taxpayer First Act

of 2019, Pub. L. 116–25, title I, §1206(b), July 1, 2019, 133 Stat. 990.[3] The Ninth Circuit has held that reasonable notice in advance "means notice reasonably calculated, under all the relevant circumstances, to apprise interested parties of the possibility that the IRS may contact third-parties, and that affords interested parties a meaningful opportunity to resolve issues and volunteer information before third-party contacts are made." *J.B. v. United States*, 916 F.3d 1161, 1164 (9th Cir. 2019). Accordingly, district courts are to engage in a fact specific review of the "totality of the circumstances" to determine if the IRS provided taxpayers with reasonable notice in advance of issuing third-party summonses. *Id*.

Intervenors propose amending their motion to quash the IRS's summons to include, among other things, the statement that the "IRS gave no advance notice to either SCCC or Mr. Crow that the Summonses would be issued or served." Dkt. 33-1, at 21, ¶ 5. In response, the IRS states it "notified Crow numerous times regarding the potential for third party contacts." Dkt. 36, at 2. However, the IRS provides no examples of how and when it notified the SCCC or Crow of the potential of third-party contacts. As a result, the Court does not have the facts in front of it to determine, under the totality of the circumstances, if the IRS provided Petitioners with reasonable notice.

Consequently, the Court cannot say as a matter of law that the Intervenors' amendment of their motion to quash would be futile. Accordingly, it grants Intervenors'

---

[3] Congress has since amended 26 U.S.C. § 7602(c)(1) to remove the "reasonable notice in advance" language. Taxpayer First Act of 2019, Pub. L. 116–25, title I, §1206(b), July 1, 2019, 133 Stat. 990. The changes were effective August 15, 2019, well after the IRS originally contacted the Intervenors. *Id*. ("The amendment made by this section [amending this section] shall apply to notices provided, and contacts of persons made, after the date which is 45 days after the date of the enactment of this Act [July 1, 2019].")

motion to amend. Although the Intervenors argue the appropriate relief is either to conduct an evidentiary hearing or to quash the summonses (Dkt. 33-2, at 13), the Court finds it premature to consider either remedy until (1) the Intervenors formally file their amended opposition to the IRS's petition to enforce its summonses and motion to quash and (2) the IRS has the opportunity to respond. The Intervenors must file their amended motion to quash within seven days of the issuance of this Order.

## V. ORDER

It is HEREBY ORDERED:

1. Intervenors' Second Motion to Amend and Supplement Opposition to Petition to Enforce IRS Summonses and Motion to Quash (Dkt. 33) is **GRANTED**.

2. Intervenors are directed to formally file their Amended Opposition to Petition to Enforce IRS Summonses and Motion to Quash by December 18, 2019.

DATED: December 10, 2019

_____
David C. Nye
Chief U.S. District Court Judge